James A. HALLMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17119, 17303.

United States Court of Appeals
District of Columbia Circuit.

Argued April 18, 1963.

Decided May 2, 1963.

Certiorari Denied Oct. 21, 1963.
See 84 S.Ct. 154.

Mr. Laurence Anthony Short, Washington, D. C. (appointed by this court) for appellant. Mr. Robert Reed Gray, Washington, D. C., (also appointed by this court) was on the brief for appellant.

Mr. Tim Murphy, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Asst.

U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee. Mr. Barry Sidman, Asst. U. S. Atty., also entered an appearance for appellee in No. 17119.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

Appellant was indicted, tried and convicted of violation of the narcotics laws.[1] On these appeals he urges, among other things, that there was insufficient evidence of his possession of the narcotics.

The facts disclose that the police officers entered a room in certain premises in the District of Columbia, pursuant to a search warrant, and found appellant sitting on a bed with two addicts. The officers, in their search, found narcotics in a ceiling light fixture and in a shoe belonging to appellant, the shoe being located "directly beneath the [appellant], who was seated on the bed there." The arresting officers testified that appellant stated "that everything in the room was his, that all the narcotics and capsules were his," and one of the officers testified that appellant admitted that the room was his. Appellant, who took the stand, admitted the search and the finding of the narcotics in the ceiling light fixture, and stated that the officers picked up an envelope near his shoes. He denied that he made any admissions that he owned the narcotics and, while he denied paying rent for the room or possessing the key to it, he admitted staying in the room "maybe two days a week or four days a week; sometimes one day," and that on the day of the search he had been there since early in the morning. The persons in the room with him were not called as witnesses; nor was their absence accounted for.

Viewing the evidence, as we must, in the light most favorable to the Government, we think there was ample evidence, if believed by the jury--as it apparently was—to show possession.

1. 26 U.S.C. § 4704(a) (1958); 21 U.S.C. § 174 (1958).

We have examined the other points ably urged on us by counsel appointed by this court for appellant, and find no error affecting substantial rights.

Appeal No. 17,119 is an appeal allowed by this Court from an order denying appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Appeal No. 17,303 is a direct appeal from his conviction, allowed by this court.

Both judgments must be and are

Affirmed.