COMMONWEALTH *vs.* BRADLEY M. TABER, JR.
(and two companion cases).

Bristol.   January 3, 1966. — February 4, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Evidence,* Corroborative evidence, Accomplice. *Conspiracy. Narcotic Drugs.*

A conviction at a criminal trial may be founded on uncorroborated testimony of an accomplice of the defendant.

There was no merit in a contention that if a defendant charged with conspiring with another to violate the narcotics drugs law sold drugs to his coconspirator the defendant would not be guilty of conspiracy.

THREE INDICTMENTS found and returned on November 4, 1964.

The cases were heard in the Superior Court by *Moynihan, J.,* without jury.

*Sheldon Friedland,* for the defendant, submitted a brief.

No argument or brief for the Commonwealth.

WILKINS, C.J.    The defendant has appealed convictions on three indictments, (1) conspiracy with one Sousa to violate the narcotic drugs law in violation of G. L. c. 94, § 213A; (2) possession, with intent to sell certain narcotic drugs, in violation of G. L. c. 94, § 217B; and (3) unlawfully dispensing narcotic drugs to Sousa, a minor, in violation of G. L. c. 94, § 217A.    The trial before a judge of the Superior Court, sitting without jury, was made subject to G. L. c. 278, §§ 33A–33G.    The appeals are accompanied by a summary of the record, a transcript of the evidence, and assignments of error.    We have received minimal assistance in considering the appeals, the district attorney filing no brief at all, and the defendant filing a brief of three pages of superficial suggestion.

The only question argued is whether the motions for findings of not guilty should have been granted.    We do not summarize the evidence, which was ample to convict.

The defendant may have been convicted in part on testimony by Sousa.    In this Commonwealth it is not required that an accomplice be corroborated.    *Commonwealth* v. *Lammi,* 310 Mass. 159, 165, and cases cited.    See *Commonwealth* v. *Geagan,* 339 Mass. 487, 518.    We do not intimate that evidence of corroboration was lacking.

The defendant suggests that if he sold to a conspirator an article necessary for the accomplishment of the conspiracy, he would not be guilty of conspiracy.    Reliance is placed upon *United States* v. *Falcone,* 311 U. S. 205, but that case contains no such holding.    It merely holds that one does not become a party to a conspiracy by aiding and abetting it by sales unless he knows of the conspiracy, and an inference of such knowledge cannot be drawn from knowledge that the buyer will use the goods illegally.    *Direct Sales Co.* v. *United States,* 319 U. S. 703, is clear authority against the defendant.

*Judgments affirmed.*