COMMONWEALTH vs. RAYMOND D. MOTT.

Bristol.  February 11, 1974. — March 14, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Constitutional Law*, Right of defendant in criminal case to act pro se. *Practice, Criminal,* Defendant pro se, Disclosure of identity of informant. *Narcotic Drugs.*

Where it appeared in a criminal case that when it was called for trial the defendant's counsel requested leave to withdraw and the judge was unequivocally informed that the defendant preferred to defend himself, and that thereupon the judge, without inquiring as to the defendant's purpose in seeking to act pro se or whether he did so knowingly and intelligently, denied counsel's request to withdraw, refused to allow the defendant to act pro se, and ordered that the trial proceed with counsel conducting the defense, there was a violation of the defendant's right under art. 12 of the Declaration of Rights of the Massachusetts Constitution to defend himself and such violation constituted reversible error even though counsel capably represented the defendant. [49-52]

No error appeared in a narcotics case in denial of a motion to specify the name of an informant who had assisted the police. [53]

At the trial of an indictment for possession of heroin with intent to sell, the evidence, including evidence of inculpatory remarks made by the defendant to police, warranted a finding that the defendant was constructively in possession of heroin found in a light fixture in a hallway one story above an apartment frequented by him. [53-54]

INDICTMENT found and returned in the Superior Court on February 18, 1972.

A pre-trial motion to specify the name of an informant was heard by *Linscott,* J.  The case was tried before *Taveira,* J.

*John F. Palmer* for the defendant.

*Lance J. Garth,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.  At a jury trial held subject to the provisions of G. L. c. 278, §§ 33A-33G, the defendant was con-

victed of possession of heroin with intent to sell and was sentenced. He has briefed and argued three assignments of error concerning the denials of (1) his request to represent himself; (2) his motion to specify the name and address of the police informant, and (3) his motion for a directed verdict.[1]

We summarize the evidence. At approximately 3:30 A.M. on January 5, 1972, police officers, having obtained a search warrant based on information supplied by an informant, went to the New Bedford apartment of the defendant's girl friend. The apartment occupied the entire second floor of a three-story building; the third story was apparently unoccupied. Present in the apartment at the time were the defendant, his girl friend and five children. The police officers proceeded to search the premises. Under a cushion were found 110 glassine bags; there was testimony that, when asked what he used the bags for, the defendant responded, "What the hell do you think I use it for. I bag my dope in it." Two rolls of cellophane tape, cigarette papers, and twenty-one rectangular pieces of aluminum foil were also seized. Approximately $1,000 in cash was found in the defendant's trouser pocket.

The police officers continued to search the area. In a light fixture located in the ceiling of the third floor hallway, directly above a child's desk, the officers found forty-six glassine envelopes containing heroin. Thereupon the defendant was informed that he was under arrest for possession of heroin with intent to sell. There was testimony that he replied, "You can't pin that on me, you didn't find it on me." There was also testimony that while the officers were conducting the search the defendant remarked, "I got a Cadillac out in front, and I gave my mother a Cadillac, and it is up to you to catch me. I break the law seven days a week and it is up to you to catch me."

---

[1] Other assignments of error, not having been argued, are deemed waived.

Commonwealth *v.* Mott.

1. Immediately before trial commenced the defendant's privately retained counsel requested permission to withdraw, explaining that the defendant had engaged a lawyer from Philadelphia who had not yet arrived but who was due in court that morning. The trial judge denied the request and ordered that a jury be empanelled. Counsel for the defendant informed the judge that "the defendant would prefer to defend himself." That request was also denied, and an exception was taken.[2] The jury was then empanelled, and counsel for the defendant represented the defendant throughout the trial.

---

[2] We excerpt portions of the pre-trial colloquy:

COUNSEL FOR THE DEFENDANT: "Your Honor, I would like to orally request permission to withdraw as counsel for Mr. Mott in this matter, as he has informed me that he has counsel who is due here in court at ten o'clock this morning from Philadelphia to try his case. He said he had some kind of a statement written out that he wanted to show you regarding his counsel."

THE JUDGE: "The case was called, you are prepared on the case; I wouldn't have let an out-of-state lawyer try the case, anyway. Let me see what the statement is . . .. Well, in this statement, there seems to be a lot of discussion vindicating his position, but I don't see that it has anything to do with another attorney being involved. No, this case stands for trial, and I am not going to permit you to withdraw at this late juncture. I gave you until today to have the case prepared."

THE DEFENDANT: "Your Honor, I would like to be heard."

THE JUDGE: "The case stands for trial, there is nothing further to be said."

THE DEFENDANT: "I am ready for trial. May I have my envelope, please?"

THE JUDGE: "Yes, sir. Get the jurors down so that we can empanel a jury. [To Counsel for the defendant:] If you haven't been paid — first of all, how much have you been paid?"

THE DEFENDANT: "Your Honor, if he is going to discuss my case, I would like to hear it. Harrington is no more my lawyer."

THE JUDGE: "Are you going to try this case without an attorney?"

THE DEFENDANT: "No. I have an attorney coming."

THE JUDGE: "Coming."

THE DEFENDANT: "If my case is being discussed by Harrington, I would like to be present, and also I would like to hear what he is saying."

The defendant argues that the denial of his request to proceed pro se violated the constitutional right of an accused to defend himself.  We are inclined to agree, at least to the extent that such right is secured by the Massachusetts Constitution.

There appears to be no controlling case which establishes that the right to proceed pro se is guaranteed by the Sixth Amendment to the United States Constitution

---

THE JUDGE:  "The case is going to trial, and Mr. Harrington is going to represent you, because I am not going to permit him to withdraw, and I am not going to give you more time to get another attorney."

THE DEFENDANT:  "I don't need time.  I am ready for trial now."

COUNSEL FOR THE DEFENDANT:  "Maybe he can go ahead without counsel, Your Honor."

\*         \*         \*         \*

THE JUDGE:  "You are going to try the case, you prepared the case, you have been working with the case, and I am not going to permit him to go on without counsel.  There will be no further discussion, the jury is coming in."

COUNSEL FOR THE DEFENDANT:  "Your Honor, the defendant would prefer to defend himself.  I will stand beside him in the courtroom, if that's his choice.  I will sit beside him and give him the questions he might want to ask."

\*         \*         \*         \*

THE JUDGE (to the defendant):  "What are you going to get by questioning witnesses yourself?"

THE DEFENDANT:  "Your Honor, I have to think of my case the way I figure is better for me."

THE JUDGE:  "I am not going to permit you to carry on an investigation.  Mr. Harrington is your lawyer, he knows the case, the case has been continued for several —"

THE DEFENDANT:  "Your Honor, I was arrested in January, and I was arraigned in Superior Court in February of the same year."

THE JUDGE:  "I will permit you to sit with Mr. Harrington, he is going to do the inquiry.  You can feed him questions, if you want. I am not going to permit you to interrogate.  You are represented by competent counsel.  We are not going to delay this thing.  That's my ruling.  You can take an exception."

(see *United States* v. *Dougherty,* 473 F. 2d 1113, 1121
[D. C. Cir. 1972]; but see *United States ex rel. Maldon-
ado* v. *Denno,* 348 F. 2d 12, 15 [2d Cir. 1965], citing
*Adams* v. *United States ex rel. McCann,* 317 U. S. 269,
279 [1942]), and it would serve no purpose here to dis-
cuss the issue. We think the language of article 12 of the
Declaration of Rights is unambiguous as to the existence
of the right within the Commonwealth — "And every
subject shall have a right . . . to be fully heard in his
defence by himself, or his counsel, at his election." See
also *Commonwealth* v. *Scott,* 360 Mass. 695, 699 (1971).
("The defendant did not ask to be allowed to proceed pro
se, and he was therefore never denied *that right*" [em-
phasis supplied].).

We think, however, that the right to conduct one's
own defense is not wholly unqualified and that limita-
tions placed on the Federal right apply with equal force
to the cognate right under the Massachusetts Constitu-
tion. First, the request to proceed without counsel must
be unequivocal. *United States ex rel. Maldonado* v.
*Denno,* 348 F. 2d 12, 15 (2d Cir. 1965). Compare
*United States ex rel. Jackson* v. *Follette,* 425 F. 2d 257,
259 (2d Cir. 1970), and *Meeks* v. *Craven,* 482 F. 2d 465,
467 (9th Cir. 1973). Second, the request should be
asserted before trial. "Once the trial has begun with the
defendant represented by counsel, however, his right
thereafter to discharge his lawyer and to represent him-
self is sharply curtailed." *United States ex. rel. Maldon-
ado* v. *Denno, supra,* at 15, and cases cited. See *United
States* v. *Catino,* 403 F. 2d 491, 497 (2d Cir. 1968). See
also *Lamoureux* v. *Commonwealth,* 353 Mass. 556, 560
(1968); *Commonwealth* v. *Ransom,* 358 Mass. 580, 585
(1971); *Commonwealth* v. *Smith,* 1 Mass. App. Ct. 545,
547-548 (1973) (all concerning the right to compel a
change of counsel during trial). Third, and perhaps
most important, the trial judge should be satisfied that
the right is being exercised knowingly and intelligently,
and not for an ulterior purpose. These considerations

require that the judge conduct some sort of inquiry once the request is made. The motivation of the accused in making the request should be examined, and the accused should be apprised of the pitfalls in proceeding pro se. See S. J. C. Rule 3:10, 351 Mass. 791 (1967).

In the circumstances presented in the case at bar, it appears to us that the request was sufficiently unequivocal and was timely asserted. However, the judge conducted no meaningful inquiry after being informed that the defendant preferred to defend himself. His denial of the request seems to have been based on the ground that the defendant was seeking delay; but, as he made no finding to that effect and as it appears that the defendant was willing to go ahead with the trial without delay, we cannot affirm the denial.

Accordingly, we must reverse the conviction and order a new trial. The situation presented here is not an appropriate one for the application of the harmless constitutional error standard established in *Chapman* v. *California*, 386 U. S. 18, 21-24 (1967), and in *Milton* v. *Wainwright*, 407 U. S. 371, 372-373 (1972). On that point we are in agreement with the reasoning of the United States Court of Appeals in *United States* v. *Dougherty*, 473 F. 2d 1113, 1127-1130 (D. C. Cir. 1972). Although the defendant makes no claim of ineffective assistance of counsel, and although it appears to us that the defendant was capably represented throughout the proceedings, we think that "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice 'with eyes open.'" *United States ex rel. Maldonado* v. *Denno, supra,* at 15.

2. We consider the remaining two assignments of error in view of the fact that those matters are likely to arise at retrial. We consider both to be without merit.

a. *Denial of the motion to specify the name of the informant.*

A judge other than the trial judge held a pre-trial hearing on this motion. He found, among other things, that the informant had assisted the police in narcotics investigations over a two-year period and that he continued to do so; that he was reliable; that he did not participate in the offense charged; that to disclose his identity "would jeopardize the informant's safety and even his life"; and that "the public interest is served by non-disclosure."

Those findings were warranted by the evidence and will not be disturbed. They indicate that the judge properly applied the balancing test expressed in *Roviaro* v. *United States,* 353 U.S. 53, 62 (1957). We fail to see how disclosure of the informant's name would have been relevant or helpful to the defense, so as to bring this case within the exception to the well established privilege of the government "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. *Worthington* v. *Scribner,* 109 Mass. 487, 488-489 (1872). Contrast the *Roviaro* case, *supra,* with *McCray* v. *Illinois,* 386 U.S. 300, 308-314 (1967). See also *Commonwealth* v. *Ennis,* 1 Mass. App. Ct. 499 (1973).

b. *Denial of the motion for a directed verdict.*

The defendant asserts that the evidence was insufficient to support his conviction. He argues that, as the heroin was discovered in a hallway one flight above his girl friend's apartment, the Commonwealth failed to show that the defendant was in constructive possession of the heroin. We disagree. We think the evidence introduced by the Commonwealth on this point was sufficient to permit the case to go to the jury. There was evidence that the defendant had been at the apartment on numerous occasions, that clothing found there belonged to the defendant and that the defendant's children were sleeping in the apartment at the time of his arrest. Although the control exercised by the defendant over the area may not

have been exclusive, there was other evidence in the case, including the defendant's utterances, from which the jury could have found that the defendant was in fact constructively in possession of the heroin. *Commonwealth* v. *Guerro*, 357 Mass. 741, 752 (1970). Contrast *United States* v. *Carter*, 320 F. 2d 1, 2 (2d Cir. 1963), and *Hallman* v. *United States*, 320 F. 2d 669 (D. C. Cir. 1963), with *United States* v. *Holland*, 445 F. 2d 701, 703 (D. C. Cir. 1971). Contrast *Commonwealth* v. *Frongillo*, 359 Mass. 132, 138 (1971), with *Commonwealth* v. *Flaherty*, 358 Mass. 817 (1971).

*Judgment reversed.*
*Verdict set aside.*