COMMONWEALTH *vs.* WARDELL SMITH. April 17, 1974. The defendant, indicted for armed robbery, was tried subject to G. L. c. 278, §§ 33A-33G, and was convicted as charged. The sole issue before us is the trial judge's denial of a motion to strike certain testimony by a police officer. That testimony, not objected to when originally given, was to the effect that the defendant had denied knowing the victim. When the officer later testified that the defendant had made that denial while under arrest, defense counsel made the motion to strike. No grounds were assigned for the motion; and when the judge asked what concern counsel might have in view of the fact that the answer was a denial, counsel stated only that it might prove prejudicial on cross-examination. The defendant later testified that he and his companions obtained the victim's money

through a swindle; and he argues on appeal that the contradictory testimony as to his not knowing the victim was inadmissible as the Commonwealth did not sustain its burden of proving compliance with the rules set forth in *Miranda* v. *Arizona*, 384 U. S. 436 (1966). The denial of the motion is not ground for reversal, for three reasons. First, while the Commonwealth bears the burden of proving adherence to the *Miranda* rules, it is not required to make that showing unless the defendant challenges compliance with those rules. See *Commonwealth* v. *McKenna*, 355 Mass. 313, 324 (1969). Here, not only was there no pre-trial motion to suppress the statements (Rule 101B of the Superior Court, as amended effective June 1, 1971), but the defendant made no challenge during the trial which specifically raised the possibility of a violation of the *Miranda* rules. As a result, the record is barren of evidence on this issue with the exception of the victim's testimony that the police officer had warned the defendant of his rights. Second, the officer's testimony merely corroborated earlier testimony to the same effect, which earlier testimony was not subject to any motion to strike. Third, the statement sought to be struck was exculpatory and without prejudicial effect (see *People* v. *Williams*, 71 Cal. 2d 614, 622 [1969]; *People* v. *Cox*, 269 Cal. App. 2d 579, 585 [1969]), except that it tended to impeach the defendant's subsequent testimony. For that purpose it would be admissible. *Commonwealth* v. *Harris*, 364 Mass. 236 (1973). Had defense counsel responded fully to the judge's question as to his concern, he would at best have been entitled to have the testimony in question struck, and, if it should subsequently have been offered by the Commonwealth in rebuttal, limited in purpose to impeachment. Such a course would doubtless have highlighted the testimony to the defendant's detriment.

*Judgment affirmed.*

The case was submitted on briefs.

*Klari Neuwelt* for the defendant.

*Alan Chapman*, Assistant District Attorney, for the Commonwealth.