**UNITED STATES of America ex rel. George KING, Petitioner-Appellant,**

**v.**

**Hon. Theodore SCHUBIN, Superintendent, Ossining Correctional Facility, Respondent-Appellee.**

No. 64, Docket 75–2045.

United States Court of Appeals, Second Circuit.

Argued Sept. 2, 1975.

Decided Sept. 2, 1975.

Certiorari Denied Nov. 17, 1975.

See 96 S.Ct. 403.

Robert P. Leighton, New York City, for petitioner-appellant.

Louis J. Lefkowitz, Atty. Gen. of N. Y. (Samuel A. Hirshowitz, First Asst. Atty. Gen., Burton Herman, Asst. Atty. Gen., of counsel), for respondent-appellee.

Before KAUFMAN, Chief Judge, and LUMBARD and ANDERSON, Circuit Judges.

PER CURIAM:

It is today beyond cavil that every defendant in a criminal proceeding must be given a fair trial and the effective assistance of counsel. After exhausting his remedies in the New York state courts, King applied to Judge Lasker for a writ of habeas corpus (28 U.S.C. § 2254), claiming that these fundamental guarantees had not been extended to him. Judge Lasker's refusal to grant the writ was correct, and accordingly, we affirm.

King was indicted for the attempted robbery of Pasquale Esposito, a taxi driver. Esposito testified in the New York Supreme Court, Kings County, that King had pressed his demand for money with a pistol placed to his head through the taxi's open side window. Whether through primal instinct or valor, the driver rolled up the window, trapping King's arm and forcing him to drop the pistol to the floor of the cab. King (and the pistol) were found in this posture by two police officers stationed nearby. King was convicted after trial before Justice Mangano and a jury. His claims are founded on three incidents occurring during that trial.

King contends that effective assistance of counsel was denied by the trial court's refusal to replace assigned counsel, despite his complaint of "discrepancies" with his attorney and a failure of communication he felt existed between them. Consequently, King elected to proceed pro se, with his assigned counsel at his side. Although his decision to proceed in this fashion may have been unwise, the trial judge cannot be faulted, for King acted within his rights in making that choice. *See United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (2d Cir. 1965), *cert. denied,* 348 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed. 2d 1020 (1966); *cf. Farretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Moreover, King has failed to make the showing required in this Circuit, that counsel was both grossly incompetent, and that "the essence of a substantial defense" was thereby blotted out. *United States ex rel. Testamark v. Vincent,* 496 F.2d 641, 643 (2d Cir. 1974), *cert. denied,* 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 105 (1975); *see also United States ex rel. Crispin v. Mancusi,* 448 F.2d 233 (2d Cir.), *cert. denied,* 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 288 (1971). In any event, no such defense appears to have been available to King.

Justice Mangano, in addition, was fully justified in his insistence that King continue the trial at once, with or without his assigned counsel. *United States v. Mitchell,* 137 F.2d 1006, 1011 (2d Cir. 1943). The jury had been selected and had already heard the State's opening statement. The right to counsel "cannot be . . . manipulated so as . . to interfere with the fair administration of justice." *United States v. Abbamonte,* 348 F.2d 700, 703 (2d Cir. 1965), *cert. denied,* 382 U.S. 982, 86 S.Ct. 557, 15 L.Ed.2d 472 (1966); *United States v. Bentavena,* 319 F.2d 916, 936 (2d Cir.), *cert. denied,* 375 U.S. 940, 84 S.Ct. 345,

11 L.Ed.2d 271 (1963). "Once trial has begun . . . a defendant does not have the unbridled right to reject assigned counsel and demand another." *United States v. Calabro,* 467 F.2d 973 (2d Cir. 1972), *cert. denied,* 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973).

King also argues that the trial judge's refusal to permit him to recall witnesses after completion of cross-examination deprived him of a fair trial. His proposed questions dealt almost exclusively with irrelevant matters or those covered during the earlier cross-examination. The court's exercise of its broad discretion here was not an abuse rising to constitutional dimension. *United States v. Jenkins,* 510 F.2d 495, 500 (2d Cir. 1975); *United States v. Pacelli,* 491 F.2d 1108, 1120 (2d Cir.), *cert. denied,* 419 U.S. 826, 95 S.Ct. 43, 42 L.Ed.2d 49 (1974).

We note also that King asked his assigned counsel to resume conduct of the defense shortly before summation. During that summation Justice Mangano instructed the attorney to refrain from further comment on the presumption of innocence and the reasonable doubt standard. As a result, King contends, he was deprived of a fair trial.

The trial judge in this case was required specifically by New York's Criminal Procedure Law, § 300.10, to instruct the jury on these two legal principles. While this does not foreclose defense counsel from discussing, in his argument, the facts as they relate to the principles of the presumption of innocence and the burden of proof beyond a reasonable doubt, the defendant-appellant does not state what particular statement or statements he desired to present but which were cut off by the ruling nor does he contend that the instructions actually given by the court to the jury were inadequate.

Accordingly, we affirm.