COMMONWEALTH *vs.* BRIAN F. MACDONALD.

Suffolk.   November 2, 1976. — December 28, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Homicide. Practice, Criminal,* Requests, rulings and instructions; Charge to jury; Comment by judge; Capital case.

At the trial of an indictment charging murder in the first degree, there was no error in the judge's refusal to give instructions requested by the defendant with respect to reasonable doubt, unanimity, and a lesser degree of guilt where the judge's charge adequately covered the substance of the requested instructions. [601-603]

At the trial of a white defendant for murder of a black youth, there was no error in remarks of the judge in his instructions to the effect that the jurors should not minimize the significance of the black youth's death. [603-604]

INDICTMENT found and returned in the Superior Court on July 11, 1974.

The case was tried before R. *Sullivan,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Edward T. Dangel, III,* for the defendant.

*William A. Doherty,* Assistant District Attorney, for the Commonwealth.

REARDON, J.   The defendant was indicted for murder in the first degree and for the unlawful possession of marihuana, and was found guilty of murder in the second degree and also of possession. He was thereafter sentenced to life imprisonment on the murder conviction.[1] The murder indictment arose from a senseless killing which was the culmination of a racial argument between a black youth and a white youth on Gallivan Boulevard in Dorchester early in the evening of May 15, 1974.

A jury could have found as follows. The white defendant was a passenger in a car owned and operated by one O'Leary who was also white. The car was stopped at a red light when the defendant saw one Herbert Kiser, the victim, a black, standing on the street corner. They stared at each other and an argument then commenced, whereupon the defendant told O'Leary to pull into a parking lot close by. Witnesses observed the defendant leave the car, argue with Kiser, and return to the car where he procured a foot-long meat knife. He then emerged from the car and, after a short struggle, plunged the knife into the lower left abdomen of Kiser, giving him a wound six inches in depth which produced his death within a short time thereafter. There was some evidence to the effect that Kiser tried to avoid the knife by stepping back or walking away as the defendant came toward him. The defendant has assigned error in the refusal of the trial judge to give two requested instructions. He also complains about remarks by the judge concerning the victim's "right to life," and further seeks to have the conviction reduced to manslaughter, with the remand of the case to the Superior Court for a new imposition of sentence all pursuant to G. L. c. 278, § 33E.

1. The defendant in his requested instruction No. 2 asked that the judge state to the jury: "The law contemplates and indeed demands the concurrence of your twelve minds on the conclusion that the accused is guilty as alleged in the indictment before he can be convicted. While

---

[1] The court ordered the possession indictment placed on file. The defendant appeals from the murder conviction only.

it is the duty of a juror to discuss and consider the opinions of other jurors, he must decide the case upon his own opinion of the evidence, and upon his own judgment and conscience. Having in view the oath he has taken, and his duty and responsibility thereunder, the juror should have his own mind convinced beyond a reasonable doubt upon all the evidence before he can conscientiously consent to a verdict of guilty."

He also asked in requested instruction No. 25 that the judge charge that "[t]he jury may find the Defendant not guilty of the crime charged in the indictment, but guilty of some degree inferior thereto, or any attempt to commit the crime. If there is reasonable ground of doubt in their minds only as to the degree, the Defendant can only be convicted of the lowest of those degrees." We have carefully reviewed the charge of the judge who instructed the jury on the crimes of murder in the first degree, murder in the second degree, and on manslaughter. There was ample discussion by the judge on the meaning of "reasonable doubt" and of "malice aforethought." The charge appears to us to have been comprehensive and clear to the point where there could have been no doubt on the part of the jury on the law which the judge was delineating for them.

In so far as the defendant's requested instruction No. 2 was concerned, the judge emphasized the unanimity which must produce the verdict, stating, "for you must determine unanimously where the truth lies, and your verdict must be unanimous in this case." He outlined to them that their experience "in your dealings with your fellow man . . . , with your friends, with strangers, with fellow employees" would have "built up in your respective minds a mechanism which allows you to know and which satisfies you when someone is telling you the truth, and when someone is lying to you, or to know when someone is telling you part of the truth, and someone is withholding part of the truth. You have, by the experience of living, to the mature age that you all are, gained this mechanism in your mind's eye which allows you to determine that." He told them, "[I]n your consideration of this case I ask that you use

your good common sense and your good judgment." On the subject matter of request No. 2, the judge adequately instructed the jury in other terms on the considerations proper for their deliberation. "[T]he judge was not required to instruct the jury in the terms urged by the defendant. He adequately covered the substance of the requested instructions." *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 539 (1971), and cases cited.

Nor was there error in the judge's refusal to give requested instruction No. 25. The judge had given ample instructions on reasonable doubt, on murder, and on manslaughter. Armed with these instructions the jury retired to find the degree of guilt or innocence. Nothing appears to require that the judge should have charged the jury in the terms requested. Even where requested instructions may be sound in law, a judge is not compelled to give them where duplication or confusion may result. See *Commonwealth* v. *Monahan,* 349 Mass. 139, 171 (1965); *Commonwealth* v. *Gliniecki,* 339 Mass. 464, 469 (1959); *Commonwealth* v. *Polian,* 288 Mass. 494, 499 (1934). We reiterate, "While a defendant, in a criminal case, is entitled to have the issues of fact clearly presented to the jury and the law applicable thereto carefully explained, the method and extent of the charge must be left to the discretion of the judge." *Commonwealth* v. *Greenberg,* 339 Mass. 557, 584 (1959). See *Commonwealth* v. *Beal,* 314 Mass. 210, 231 (1943). We see no error in the denial of the defendant's request.

2. The defendant claims prejudice in the remarks by the judge in that he stated to the jury, "Now you will also mark this well, our law makes no distinction between persons with respect to the right to life. Each has the right to live his or her life without having that life ended by the wrongful acts of another, and that is true whether the person who is victimized is a celebrated ornament to our community by reason of wealth or social standing or whether the person who is victimized be a humble person. Our law makes no distinction between persons with respect to the right to life." There was no error in this statement.

There was before the judge a case based on a killing with racial overtones to which, indeed, the defendant's counsel referred in his argument. We agree with the Commonwealth that the remarks of the judge were "necessary in order to impress upon the jurors that they should not minimize the significance of the black youth's death nor view it as an accepted form of youthful hostility." The charge read in its totality could not be considered prejudicial to the defendant and, as was said in *Commonwealth* v. *Aronson,* 330 Mass. 453, 457, "The impression created by the charge as a whole constitutes the test." No error occurred on this point.

3. We see no reason to invoke our powers under G. L. c. 278, § 33E, to reduce this verdict of murder in the second degree to manslaughter. We have commented that the power which we have under the statute is to be used with restraint. *Commonwealth* v. *Williams,* 364 Mass. 145, 151 (1973). Here the jury were charged both on murder and on manslaughter and were given thoroughly to understand all the possible verdicts which might be rendered. Our review of the transcript indicates no substantial miscarriage of justice. The defendant, beginning with an argument, alighted from a car which had been deliberately parked near the victim, went back to the car, procured a knife, and departed from the car again and proceeded to stab the victim who was endeavoring to avoid the knife which killed him. See *Commonwealth* v. *Rembiszewski,* 363 Mass. 311, 321 (1973). Cf. *Commonwealth* v. *Campbell,* 352 Mass. 387 (1967). We see no reason to disturb the verdict.

*Judgment affirmed.*