*Mark M. Grossman,* Special Assistant Attorney General, & *William R. Blane* for the defendants.

COMMONWEALTH *vs.* JOHN ROBERTS. October 25, 1977. The defendant appeals from a conviction on an indictment charging him with the

crime of deriving support from the earnings of a prostitute. G. L. c. 272, § 7. 1. Apart from our impression that the defendant's arguments, which challenge the constitutionality of that statute, appear to be insubstantial, it was decided in *Commonwealth* v. *Peretz,* 212 Mass. 253, 256 (1912), that a predecessor statute, couched in substantially the same language, was "plainly constitutional," and this court is not inclined to disturb that determination. 2. As to the defendant's claim that the judge's instructions to the jury were inadequate with respect to the jury's evaluation of the prostitute's testimony, we do not pause to determine whether, as the defendant asserts, her role was that of an accomplice (see *Commonwealth* v. *Hersey,* 324 Mass. 196, 207 [1949]); even if it were, the judge was not required to instruct the jury that her testimony be scrutinized with caution. See *Commonwealth* v. *Phelps,* 192 Mass. 591, 595 (1906); *Commonwealth* v. *Taber,* 350 Mass. 186, 187 (1966); *Commonwealth* v. *Flynn,* 362 Mass. 455, 467 (1972). The record demonstrates that defense counsel was given wide latitude in exploring that witness's motives in testifying against the defendant and in his comments thereon in argument to the jury. The judge was not required to instruct the jury precisely as requested by the defendant (*Commonwealth* v. *Edmonds,* 365 Mass. 496, 505-506 [1974]; *Commonwealth* v. *MacDonald,* 371 Mass. 600, 603 [1976]); and we are satisfied from our review of his instructions that the jury were adequately instructed on the question of that witness's possible motives in testifying as she did.

*Judgment affirmed.*

*Willie J. Davis* for the defendant.

*Terrance D. Garmey,* Legal Assistant to the District Attorney (*James Lynch,* Special Assistant District Attorney, with him) for the Commonwealth.