COMMONWEALTH *vs.* CONLER CHAPMAN.

Suffolk.    May 14, 1979. — August 16, 1979.

Present: HALE, C.J., ARMSTRONG, & KASS, JJ.

*Practice, Criminal*, Directed verdict, Defendant pro se. *Constitutional Law*, Right of defendant in criminal case to act pro se.

Evidence in a rape case was sufficient with respect to the victim's lack of consent to warrant denial of the defendant's motion for a directed verdict. [262]

Where a defendant in a criminal case made a proper and timely invocation of his right to proceed pro se and where there was no indication in the record of a valid reason for denying the defendant's motion, the judge's denial of the motion was reversible error. [262-268]

In a rape case, the judge was not required to instruct the jury that the victim's testimony be examined with caution. [268-269]

INDICTMENTS found and returned in the Superior Court on October 7, 1977.

The cases were tried before *Prince*, J.

*Willie J. Davis* for the defendant.

*Brian J. Dobie*, Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant appeals (G. L. c. 278, §§ 33A-33G) from his convictions following a jury trial on three indictments, two charging rape (G. L. c. 265, § 22) and one charging robbery (G. L. c. 265, § 19). He argues numerous assignments of error, only two of which we need address. The jury could have found the following facts.

On August 12, 1977, at about 5:15 P.M. the defendant approached the victim, an eighteen year old woman, as she stood in a bar. She recognized the defendant, whom she had met briefly about three weeks earlier. She declined his offer to smoke a marihuana cigarette with him.

The victim then left the bar and walked to a bus stop. The defendant approached her as she waited there and again asked if she wished to smoke marihuana. She again declined to do so. After a moment or two, the defendant grabbed the victim's arm and guided her to the door of a nearby apartment, while holding her hand twisted behind her back. The defendant knocked on the door, and the two entered the apartment. Inside they met a resident of the apartment, one Daniels, along with his mother, Mrs. Daniels, and her boyfriend. After a short time, Mrs. Daniels, her boyfriend and then Daniels himself left the apartment. As Daniels left, the victim twice started to open the door in an attempt to leave the apartment, but the defendant kicked the door shut both times. The defendant then grabbed the victim, wrestled with her briefly and forced her into the bedroom. There were two beds in the bedroom, one of which was occupied by one Rosario, the other resident of the apartment, who had passed out there after drinking too much alcohol. In the bedroom the defendant removed his clothing while the victim, in response to the defendant's order, did the same. She got into the empty bed when he demanded that she do so but tried to kick him when he jumped on top of her. She pleaded with the defendant to let her leave. The defendant refused to let the victim leave and against her will engaged in numerous acts of vaginal and oral intercourse with her over the course of that night and the next morning.

Rosario awoke about fifteen minutes after the two entered the room, saw that the defendant was having intercourse with a woman he did not then recognize, and left the apartment. The victim noticed Rosario but made no attempt to cry out to him because of her fear. Early in the morning the victim saw three men with whom she was acquainted climb into the apartment through a window. She was again too frightened to speak out.

In the morning the defendant forced the victim to give him four rings and a watch she was wearing. Daniels and

Rosario, who had returned to the apartment, noticed that the victim looked sick and upset that morning. When asked about her condition, she indicated that nothing was wrong.

At about 10:30 A.M. the victim and the defendant left the apartment. The victim walked away from the defendant without his objection and proceeded to the home of a friend, one Taco, and told him that she had been raped. After a brief attempt by Taco and others to locate the defendant at the apartment where the rape had occurred, the police arrived and learned of the rape from the victim.

1. The defendant argues that the judge should have directed a verdict in his favor on the rape indictments because insufficient evidence of the victim's lack of consent had been adduced to warrant submission of those charges to the jury. "The appellate standard of review is whether the evidence, read in a light most favorable to the Commonwealth ... is sufficient so that the jury 'might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt.'" *Commonwealth* v. *Clifford*, 374 Mass. 293, 296 (1978), and cases cited, quoting from *Commonwealth* v. *Vellucci*, 284 Mass. 443, 445 (1933). We have related in the preceding statement the facts which could have been found by the jury. The judge's denial of the motion for a directed verdict was right. Compare *Commonwealth* v. *Coderre*, 360 Mass. 869 (1971).

2. The defendant argues that the judge violated his right of self-representation, as guaranteed by the Federal and State Constitutions, when he denied the defendant's oral motion to conduct his own defense. The record discloses that on January 30, 1978, the defendant filed a pro se motion to have the court allow Mr. Willie J. Davis (who had been appointed to represent the defendant on Decem-

Commonwealth v. Chapman.

ber 20, 1977, following the defendant's dismissal of his original counsel) to withdraw as his counsel and to appoint a new attorney to represent him.[1] At a hearing held on the motion on May 24, 1978, the defendant indicated that he desired to represent himself at trial should the court disallow the motion. The judge recognized the defendant's right to proceed pro se and stated that he would not interfere with the defendant's attempt to do so. The judge denied the motion "without prejudice" and announced that "this case is going to proceed next week." The defendant responded, "Okay, if that's your position at this point, then I will just go ahead pro se." Following a discussion concerning the transfer of records to the defendant from Mr. Davis the judge directed the defendant to file a personal appearance and a motion to proceed pro se. The judge stated that upon their filing he would have a hearing on them.

On May 30, the first day of trial, the defendant had filed a written motion to be allowed to sit at counsel table but had not filed an appearance or a motion for leave to proceed pro se. While arguing the motion for leave to sit at counsel table, the defendant stated that he had decided to defend himself. The judge then noted that there was no formal motion before him to that effect and that the defendant had not filed an appearance. In the course of the colloquy which followed the defendant stated, "I would like to enter at this time, your Honor, an oral motion to proceed pro se rather than have someone I feel that is as detrimental not only to me but to the case, and, rather than do that, I'd go ahead, not knowing too much about the judicial process, but certainly feeling better myself than having someone who I know I am in opposition to to represent me, someone I don't feel is going to represent me, someone who won't do an adequate job so far as I am

---

[1] The defendant found no fault with Mr. Davis' competence but rather alleged a lack of communication and a clash of personalities as bases for the requested dismissal.

concerned." The judge then denied the motion. Moments later, in what appears to have been an attempt to have the judge reconsider the denial, the defendant called the judge's attention to *Faretta* v. *California*, 422 U.S. 806 (1975), and read excerpts from it as reported in a newspaper. After some further argument the colloquy set out in the margin occurred.[2] At no time did the defendant ask that he be granted a continuance to prepare himself, nor did he state explicitly that he was willing to go ahead without delay if his request should be granted. The judge denied the defendant's oral motion without conducting an inquiry on the matter of delay, stating that Mr. Davis was prepared to proceed, that the defendant had failed to sustain any grounds for removing Mr. Davis as his counsel, and that the motion had been made too late for con-

---

[2] THE DEFENDANT: "[A]nd so, you know, based on these here things that I have just mentioned, I would like to go ahead with this, whichever way it may go, and try it myself.

"I have a right to do that, and I request His Honor, the Court, to allow me to do that without any assistance from any legal person at this point because I feel that, if Your Honor is not allowing me counsel under Chapter 263, Section 5, the right to counsel, and if you refuse to let Attorney Davis withdraw, then I have no alternative but to work with some of the documents that he gave me and, based on that, set up what I see as very broad defense."

THE JUDGE: "All right. As I indicated, the previous motion is denied, and we will proceed. The jury may be —"

THE DEFENDANT: "So is Your Honor saying that you are not going to allow me to try my own case?"

THE JUDGE: "I said that this case has been prepared by counsel. I feel that you didn't sustain any grounds for this Court in removing Mr. Davis as your counsel in this particular case, and examination of the docket entries indicated that an investigator was appointed to assist Mr. Davis. He has assured me that he is prepared to proceed and to represent you in this trial."

THE DEFENDANT: "Yes, sir, Your Honor, that's fine. That's fine and well, but I have the right to defend myself. Is that not right? Are you saying that you are not allowing me —"

THE JUDGE: "I am saying at this late date I am not going to grant you that right, that it should have been determined prior to this, and that I am taking the step of denying your request to represent yourself at this stage of the proceeding."

THE DEFENDANT: "Your Honor, I take exception."

sideration by the court. During the empanelling of the jury the defendant attempted personally to use all of the peremptory challenges available to him to remove the jurors who had been seated. When the testimonial part of the trial was about to begin, Mr. Davis suggested that the defendant be excluded from the courtroom in the event that he should interrupt the proceedings. The judge agreed to do so should such event occur. After that time the defendant made no uncalled-for comment in open court and in no way disrupted the trial.

A defendant in a criminal case has a right, guaranteed by art. 12 of the Massachusetts Declaration of Rights (*Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 50-51 [1974]), and by the Sixth and Fourteenth Amendments to the Constitution of the United States, to conduct his own defense at trial. *Faretta* v. *California*, 422 U.S. at 818. This right of self-representation "is not wholly unqualified." *Commonwealth* v. *Mott*, 2 Mass. App. Ct. at 51. The defendant must assert the right in a timely and unequivocal manner. *Id.* at 51. *United States* v. *Kizer*, 569 F.2d 504, 507 (9th Cir.), cert. denied, 435 U.S. 976 (1978). He must knowingly and intelligently invoke the right (*Commonwealth* v. *Mott*, 2 Mass. App. Ct. at 51) and validly waive his right to counsel. *Faretta* v. *California*, 422 U.S. at 835. Normally the trial judge should conduct some sort of inquiry once the defendant has made a timely and unequivocal request in order to ascertain the defendant's motives for asserting the right and his awareness of the risks of proceeding pro se. *Commonwealth* v. *Mott*, 2 Mass. App. Ct. at 52. *United States* v. *Plattner*, 330 F.2d 271, 276 (2d Cir. 1964).

The defendant here properly asserted his right of self-representation. His motion to proceed pro se was timely because it was made before the start of the empanelling of the jury, generally recognized as the point at which the trial begins. *Commonwealth* v. *Mott*, 2 Mass. App. Ct. at 51. *United States ex rel. Maldonado* v. *Denno*, 348 F.2d 12, 15-16 (2d Cir. 1965), cert. denied sub nom. *DiBlasi* v.

*McMann,* 384 U.S. 1007 (1966). *United States* v. *Price,* 474 F.2d 1223, 1227 (9th Cir. 1973). *Chapman* v. *United States,* 553 F.2d 886, 893-895 (5th Cir. 1977). See *Sapienza* v. *Vincent,* 534 F.2d 1007, 1010 (2d Cir. 1976). Compare *Commonwealth* v. *Miskel,* 364 Mass. 783, 791 (1974).[3] The defendant, after some initial tentativeness, ultimately made a clear and unequivocal invocation of his right of self-representation. See *Commonwealth* v. *Mott,* 2 Mass. App. Ct. at 51; *Chapman* v. *United States,* 553 F.2d at 892-893 & n.12.[4] He expressed a clear desire to dispense with the services of his attorney, and nothing in the record (for the judge made no inquiry to this effect) suggests that he would have been unwilling to make a formal waiver of an attorney. Contrast *Commonwealth* v. *Miskel,* 364 Mass. at 789.

---

[3] When a defendant moves to proceed pro se after the empanelling of the jury, his right to defend himself is curtailed and becomes subject to the judge's sound discretion. In the case of such an untimely assertion, the judge may balance the defendant's desire to proceed pro se against the government's need for a speedy and orderly disposition of the case. *Commonwealth* v. *Miskel,* 364 Mass. at 791. *Commonwealth* v. *Miller,* 6 Mass. App. Ct. 959, 960 (1978). *United States* v. *Catino,* 403 F.2d 491, 497-498 (2d Cir. 1968), cert. denied sub nom. *Pagano* v. *United States,* 394 U.S. 1003 (1969). *Sapienza* v. *Vincent,* 534 F.2d at 1010. *United States* v. *Kizer,* 569 F.2d at 507. *United States* v. *Dunlap,* 577 F.2d 867, 868 (4th Cir. 1978), cert. denied, 439 U.S. 858 (1979). Compare *Commonwealth* v. *Jackson,* 376 Mass. 790, 795-796 (1978), where a request by a defendant on the morning of trial to retract his decision to represent himself and to seek reappointment of counsel was properly denied by the judge in the exercise of his discretion.

[4] The defendant did not continually vacillate in his requests between several different arrangements regarding his representation. Compare *United States* v. *Bennett,* 539 F.2d 45, 51 (10th Cir.), cert. denied, 429 U.S. 925 (1976) (defendant forfeited his right to proceed pro se by wavering between an assertion of his desire to defend himself alone and to participate jointly with his lawyer in the defense). The defendant did not fail explicitly to mention his desire to appear pro se. Compare *Commonwealth* v. *Scott,* 360 Mass. 695, 699 (1971) (defendant was not denied his right to defend himself because he never asserted it); *McNamara* v. *Riddle,* 563 F.2d 125, 127 (4th Cir. 1977) (defendant never asserted pro se right and thus was not denied it. His attorney's request to withdraw did not substitute for such an assertion). *United States* v. *Kizer,* 569 F.2d at 507 (defendant failed to assert right).

The defendant did not waive his right to proceed pro se. He did not accept Mr. Davis's continued aid voluntarily and submitted to his representation only after repeated exceptions to the judge's denial of his pro se rights.[5] The record shows that he did not exhibit any disruptive behavior which might have constituted a constructive waiver of his right to defend pro se. See *United States* v. *Dougherty*, 473 F.2d 1113, 1124-1126 (D.C. Cir. 1972) (judge's mere anticipation of defendant's disruption of trial did not permit him to reject an otherwise proper request to proceed pro se).[6] The defendant did not request a continuance, and nothing in the record indicates that he was trying to delay the proceedings,[7] so he cannot be said to have waived his right by asserting it to further an ulterior, dilatory purpose. Compare *Chapman* v. *United States*, 553 F.2d at 895.[8]

---

[5] Contrast *United States* v. *Montgomery*, 529 F.2d 1404, 1406 (10th Cir.), cert. denied, 426 U.S. 908 (1976) (defendant waived the right to proceed pro se when he voluntarily accepted the benefits of appointed counsel's aid).

[6] *Faretta* v. *California*, 422 U.S. at 834-835 n.46, *United States* v. *Dujanovic*, 486 F.2d 182, 187 (9th Cir. 1973), and *United States* v. *Kizer*, 569 F.2d at 506-507, suggest that unruly behavior of a defendant could be a basis under certain circumstances for finding a waiver of the right of self-representation.

[7] At the hearing on May 24 the judge allowed a motion for a speedy trial filed by the defendant's counsel and set a trial date. The defendant took exception to the judge's action "because I don't think he [Mr. Davis] has represented me up to this time," but did not seek to change the trial date.

[8] A dilatory motive on the part of the defendant is probably not now a sufficient basis on its own for denying a defendant's otherwise proper request to .proceed pro se because the judge has it in his power (at least where, as here, the defendant's attorney is prepared for trial) to require the defendant asserting his pro se right to go to trial immediately, whether represented by counsel or by himself. *United States ex rel. Maldonado* v. *Denno*, 348 F.2d at 16. *United States ex rel. King* v. *Schubin*, 522 F.2d 527, 529 (2d Cir.), cert. denied, 423 U.S. 990 (1975). Cf. *Commonwealth* v. *Jackson*, 376 Mass. 790, 796 (1978); *United States* v. *Mitchell*, 137 F.2d 1006, 1011 (2d Cir. 1943), cert. denied, 321 U.S. 794 (1944). Contrast *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 53-56 (1976) (judge's denial of continuance when defendant's attorney was

The judge made no effort here to inquire into the circumstances of the defendant's assertion of his pro se right. He established on the record no legitimate basis for denying the defendant's request. The judge stated that the defendant's request was made at too late a date for consideration, but it is clear that the request here was timely made. He also based his denial on Mr. Davis's preparedness and on the defendant's failure to sustain any grounds for his removal. A defendant's right to represent himself, however, does not depend on his ability to establish reasons for invoking the right or on his ability to show that his lawyer is unprepared. See *Faretta* v. *California*, 422 U.S. at 833-836.[9] Moreover it is clear to us that the defendant was intelligent and articulate. He was aware of the "dangers and disadvantages of self-representation" and made his choice to proceed pro se with his eyes open. *Faretta* v. *California*, 422 U.S. at 835.

In light of the defendant's proper invocation of his right of self-representation, and in the absence of any indication in the record of a valid reason for denying the defendant's motion, the judge's denial of the motion here was error. Further, in such cases we do not consider whether the denial to the defendant of his right to proceed pro se was harmless. See *Commonwealth* v. *Mott*, 2 Mass. App. Ct. at 52; *Chapman* v. *United States*, 553 F.2d at 891-892.

3. Due to the possibility that the question may arise at retrial, we have reviewed the defendant's argument that the judge erred in denying request for jury instruction no. 10.[10] There was no error. The judge was not required to

unprepared for trial because he had been assigned to the case at too late a date to prepare for it rendered invalid defendant's purported waiver of counsel and assertion of a right to proceed pro se).

[9] When a change of counsel is requested, however, the defendant's reasons for the request are highly important. See *Commonwealth* v. *Flowers*, 5 Mass. App. Ct. 557, 565-566 (1977); *Commonwealth* v. *Perry*, 6 Mass. App. Ct. 531, 540 (1978); *Maynard* v. *Meachum*, 545 F.2d 273, 278 (1st Cir. 1976).

[10] The defendant prefaces his argument on this point by asserting

instruct the jury that the victim's testimony be "examine[d] with caution." See *Commonwealth* v. *Roberts*, 5 Mass. App. Ct. 881 (1977), and cases cited. We have reviewed the charge as a whole (*Commonwealth* v. *Lussier*, 333 Mass. 83, 93 [1955]), and we are satisfied that the judge adequately instructed the jury as to what they should consider in evaluating the victim's testimony.

4. We need not address other issues which have been briefed or argued for they are unlikely to arise upon retrial.

The judgments are reversed, and the verdicts are set aside.

*So ordered.*

---

that the judge also erred in refusing to give requested instruction no. 8 but makes no further argument concerning it. However, the substance of that request was given.