**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Barbara Ray KIZER,**
**Defendant-Appellant.**

**No. 77–3035.**

United States Court of Appeals,
Ninth Circuit.

Feb. 10, 1978.

Certiorari Denied April 17, 1978.
See 98 S.Ct. 1626.

Affirmed.

---

Levi J. Smith, Portland, Or., for defendant-appellant.

Marc D. Blackman, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, CHOY and TANG, Circuit Judges.

CHOY, Circuit Judge:

Barbara Kizer raises two issues in this appeal from her conviction for attempted bank robbery: (1) that she was denied full confrontation of a key witness against her when the trial court refused to allow inquiry into the witness's past drug addiction; (2) that the trial court deprived her of the right to pro se representation by prematurely ejecting her from the courtroom. We find no reversible error and affirm the judgment.

■ Before government witness Katie Nelson testified, the trial court granted the prosecutor's motion to prevent defense counsel from inquiring into Nelson's past drug use and hospitalization for drug addiction. Kizer argues that the court's ruling deprived her of the broad scope of cross-examination guaranteed by the sixth amendment. *See, e. g., Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1975). It is established, however, that cross-examination may be limited where the sixth amendment interest is outweighed by the danger of harassing witnesses or unduly prejudicing the jury. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The proper extent of cross-examination lies within the sound discretion of the trial court. Fed.R.Evid. 403, 608(b), 611(a); *Skinner v. Cardwell,* 564 F.2d 1381, 1388–89 (9th Cir. 1977). The trial court may limit or even prohibit a proffered line of inquiry that is minimally relevant. *Id.* at 1389.

Defense counsel sought to cross-examine Katie Nelson about her past drug addiction to show her motive, bias, and interest in testifying on the theory that Nelson, as a drug addict, had an inordinate interest in receiving funds from law enforcement agencies in exchange for incriminating testimony. The trial court allowed inquiry into any payments Nelson might have received in exchange for testifying. The court refused, however, to allow inquiry into her hospitalization for drug treatment and ruled that such hospitalization was not logically relevant to Nelson's motivation, bias, or interest in testifying. We find

nothing in the record to suggest that the trial court abused its discretion in so ruling.

The cases that allow broad cross-examination on the issue of drug addiction to impeach witnesses are readily distinguishable. Such cross-examination may be necessary where defense counsel seeks to impeach narcotics addicts who are paid government informers with criminal charges pending against them, *United States v. Kinnard,* 150 U.S.App.D.C. 386, 392–95, 465 F.2d 566, 572–75 (1972), or who had criminal charges against them dropped prior to trial, *United States v. Masino,* 275 F.2d 129, 132 (2d Cir. 1960), or where the fact of addiction is probative of other motivation for testifying, *United States v. Fowler,* 151 U.S.App.D.C. 79, 83, 465 F.2d 664, 668 (1972) (cross-examination as to drug addiction allowed where such addiction may have led to dismissal of witness from police force), or where the witness is intoxicated while testifying, *Wilson v. United States,* 232 U.S. 563, 34 S.Ct. 347, 58 L.Ed. 728 (1914). The record here reveals no such bases for allowing cross-examination on drug addiction. Moreover, there is widespread recognition that drug addiction is an issue fraught with potential prejudice:

> The issue of narcotics use is one that may properly be handled with some sensitivity lest it result in undue and unnecessary prejudice. There is an interest in avoiding undue evidentiary assault on prosecution witnesses. Prejudice may result if questions asked for the limited purpose of testing, say, opportunity to observe, are permitted to generate a hostility based on the general odium of narcotics use.

*United States v. Kearney,* 136 U.S.App.D.C. 328, 420 F.2d 170, 174 (1969) [citation omitted].

Our review of the trial transcript assures us that Nelson was a reasonably lucid witness. The trial court's exercise of discretion in foreclosing impeachment on the drug addiction issue was not improper. *United States v. Cole,* 457 F.2d 1141, 1143 (9th Cir.), *cert. denied,* 409 U.S. 868, 93 S.Ct. 166, 34 L.Ed.2d 117 (1972).

We also note in passing that defense counsel did not offer to prove that Nelson used drugs either during the period covered in her testimony or during the trial itself. The failure to lay a proper foundation to impeach a witness may preclude appellate relief. *See United States v. Holt,* 529 F.2d 981, 984 (4th Cir. 1975); *United States v. Banks,* 520 F.2d 627, 631 (7th Cir. 1975); *United States v. Leonard,* 161 U.S.App.D.C. 36, 52–53, 494 F.2d 955, 971–72 (1974); *United States v. Smith,* 464 F.2d 222, 224 (8th Cir.), *cert. denied,* 409 U.S. 986, 93 S.Ct. 339, 34 L.Ed.2d 252 (1972).

■ Even if the trial court erred in its ruling, the error was harmless. Defense counsel thoroughly cross-examined Nelson regarding payments she received as a police informant. Nelson's testimony was largely cumulative and the Government introduced abundant independent evidence of Kizer's guilt. Other witnesses testified to Kizer's participation in the planning and execution of the attempted bank robbery, her presence in the "cool" getaway car, and her incriminating post-arrest statement to a co-defendant. We conclude that the trial court's ruling limiting cross-examination cannot justify reversal of the conviction. *See, e. g., United States v. Kearney,* 136 U.S.App.D.C. at 332, 420 F.2d at 174 (1969).

■ Kizer's second claim of error is that the trial court denied her the right to self-representation by prematurely ejecting her from the courtroom during the trial. We find no merit in the claim.

Kizer interrupted the prosecuting attorney while he was making his final argument to the jury. She announced her dissatisfaction with her attorney and asked the court to discharge her attorney and give her a new trial. The judge cautioned Kizer not to jeopardize her position in front of the jury and told her that she could remain in the courtroom if she did not speak out. When Kizer continued to argue, the judge ordered her removed from the courtroom on the condition that she was to be allowed to return any time she wanted to.

The trial court acted well within the scope of its discretion when it excluded Kizer from the courtroom. *See* Fed.R. Crim.P. 43(b); *Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *United States v. Munn,* 507 F.2d 563 (10th Cir. 1974), *cert. denied,* 421 U.S. 968, 95 S.Ct. 1959, 44 L.Ed.2d 456 (1975). We do not perceive any error in refusing to discharge Kizer's counsel, a matter "resting peculiarly and entirely within the sound discretion of the trial judge." *United States v. Main,* 443 F.2d 900, 901 (9th Cir.), *cert. denied,* 404 U.S. 958, 92 S.Ct. 328, 30 L.Ed.2d 276 (1971) (quoting *Good v. United States,* 378 F.2d 934, 935 (9th Cir. 1967)). Any right Kizer might have had to discharge her attorney did not give her license to disrupt the orderly progress of her trial. *See United States v. Lustig,* 555 F.2d 737, 744 (9th Cir. 1977); *United States v. Mardian,* 178 U.S.App.D.C. 207, 213, 546 F.2d 973, 979 n. 9 (1976).

Finally, we find no merit whatsoever to Kizer's claim that she was denied her right to self-representation. Although the right is jealously guarded in this Circuit, *see e. g., United States v. Price,* 474 F.2d 1223, 1226–27 (9th Cir. 1973), a defendant must make a timely and unequivocal demand to proceed pro se in order to preserve the right. *United States v. Kennedy,* 564 F.2d 1329, 1340 (9th Cir. 1977); *Meeks v. Craven,* 482 F.2d 465 (9th Cir. 1973); *United States v. Pike,* 439 F.2d 695 (9th Cir. 1971); *see Chapman v. United States,* 553 F.2d 886, 892–93 (5th Cir. 1977). Kizer made no request whatsoever to proceed pro se and even were we to imply such a request, it would not have been timely.

AFFIRMED.