UNITED STATES of America,
Plaintiff–Appellee,

v.

CHANGA, Defendant–Appellant.

No. 89–30126.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 1990 *.

Decided April 13, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael G. Martin, Chief Asst. Fed. Public Defender, Seattle, Wash., for defendant-appellant.

Portia R. Moore, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, ALARCON and RYMER, Circuit Judges.

PER CURIAM:

Changa appeals from his conviction for conspiring to pass counterfeit United States currency, in violation of 18 U.S.C. § 371 and passing counterfeit United States currency, in violation of 18 U.S.C. § 473. He contends that the district court's refusal to allow counsel to cross-examine government witnesses about their drug activities denied him the right to confront his accusers, the right to the effective assistance of counsel, and the right to a fair trial. Changa also contends that the district court incorrectly adjusted his base offense level under the Sentencing Guidelines, resulting in disparate treatment between Changa and codefendant Ernest Dickson. We affirm.

I

Prior to trial, Changa moved to exclude statements that he allegedly made to two government witnesses regarding the purchase of drugs with counterfeit money on the ground that they would be unduly prejudicial. The trial court denied the motion, finding that the probative value of the evidence, showing Changa's general scheme for passing counterfeit money, outweighed its prejudicial effect.

During the government's case-in-chief, Officer Sparby of the Seattle Police Department described the location in Seattle where the counterfeiting transactions took place as an area known for crime and drug related activity. Another government witness testified that Changa talked to him about the use of counterfeit money to purchase drugs. When the defendant attempt-

ed to cross-examine two other government witnesses on their knowledge or use of drugs, the government's objection was sustained on relevance grounds. Following a two-day trial, the jury returned verdicts of guilty on both counts.

In sentencing Changa, the district court determined that his base offense level was 9 pursuant to Sentencing Guideline § 2B5.1, then made an upward adjustment of five levels because the amount of counterfeit money involved exceeded $50,000. The court combined $46,000 seized from Dickson in Texas, with $5,000 to $6,000 in counterfeit currency seized in Seattle. Co-defendant Dickson's base offense level was also 9, but was adjusted upward by only four levels based on the $46,000 in counterfeit currency found in his possession at the time of arrest.

## II

■ A district court's decision regarding the scope of cross-examination will be upheld on appeal unless it constitutes an abuse of discretion. *United States v. Bonanno*, 852 F.2d 434, 439 (9th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 812, 102 L.Ed.2d 801 (1989); *United States v. Kennedy*, 714 F.2d 968, 973 (9th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984).

■ Changa claims that the district court's limitation of cross-examination on the subject of the witnesses' knowledge or use of drugs was a violation of his sixth amendment rights. The sixth amendment guarantees an accused the right to confront and "cross-examine witnesses to attack their general credibility or to show their possible bias or self-interest in testifying." *Hughes v. Raines*, 641 F.2d 790, 792 (9th Cir.1981); *see also Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1973). The defendant's right to attack the witness' general credibility enjoys less protection than his or her right to develop the witness' bias. *Reiger v. Christensen*, 789 F.2d 1425, 1433 (9th Cir.1986). The inquiry must be relevant, *id.*, and the trial judge did not abuse her discretion in this case by ruling the proffer irrelevant. *See Chipman v. Mercer*, 628

F.2d 528, 530–31 (9th Cir.1980). In this case testimony about knowledge or use of drugs would not have gone to the witnesses' bias or motivations for testifying. *See United States v. Kizer*, 569 F.2d 504, 506 (9th Cir.) ("cross-examination may be necessary where defense counsel seeks to impeach narcotics addicts who are paid government informers with criminal charges pending against them."), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978).

■ Nor did the district court's refusal to allow cross-examination on knowledge and use of drugs render counsel's representation less than effective. *See Strickland v. Washington*, 466 U.S. 668, 693–96, 104 S.Ct. 2052, 2067–69, 80 L.Ed.2d 674 (1984). Counsel was merely prevented from cross-examining government witnesses as to their knowledge or use of drugs, not from cross-examining the witnesses altogether. Since the trial court did not abuse its discretion by limiting the scope of cross-examination, prohibiting inquiry into the government witnesses' knowledge or use of drugs was not a denial of effective assistance of counsel.

Changa also argues that the limitation imposed by the district court on the scope of cross-examination denied him the right to a fair trial. The Supreme Court has found the sixth amendment right to the effective assistance of counsel, and the right of an accused to confront witnesses against him to be among the fundamental rights essential to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 795–96, 9 L.Ed.2d 799 (1963); *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965). Since neither right has been violated in this case, Changa's claim that he was denied a fair trial must also fail.

## III

■ Changa argues that the district court improperly combined $46,000 in counterfeit currency seized in Texas with $5,000 to $6,000 in counterfeit currency seized in Seattle. He contends that the Sentencing Reform Act was enacted to provide "*uniformity* in sentencing by narrowing the wide disparity in sentences imposed by dif-

ferent federal courts for similar criminal conduct by similar offenders." United States Sentencing Commission, *Guidelines Manual,* Ch. 1, Pt. A, intro. (Nov. 1989) (emphasis in original). Changa and Dickson, however, were convicted of different crimes. Dickson was convicted of possessing counterfeit money, whereas Changa was found guilty of both conspiring to pass and distribute counterfeit money as well as the substantive crime of transferring and delivering United States currency. Therefore, the trial judge was justified in treating them differently.

Dickson and Changa were found guilty of a conspiracy to pass counterfeit money. Since "each conspirator is responsible for the acts of his co-conspirators committed pursuant to and in furtherance of the conspiracy," *United States v. Murray,* 492 F.2d 178, 187 (9th Cir.1973), *cert. denied,* 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974), the sentence could properly reflect all the counterfeit currency deemed to be part of the conspiracy. Therefore, the $46,000 of counterfeit currency seized from co-defendant Dickson was properly considered in determining Changa's adjusted offense level.

AFFIRMED.