983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aji ASHLEY, aka: Elizabeth Alexander, Defendant-Appellant.
 No. 91-50840.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aji Ashley appeals her sentence imposed under the United States Sentencing Guidelines, following entry of a guilty plea, for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and unlawful acquisition and redemption of food stamps in violation of 7 U.S.C. § 2024(b)(1), (c). Ashley argues that the district court erroneously calculated her sentence by: (1) relying on conduct undertaken by her co-conspirator; (2) relying on counts dismissed pursuant to a plea agreement and uncharged conduct; and (3) relying on the total face value of the food stamps, rather than the actual loss incurred by the recipients. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 1. Co-Conspirator's Conduct
 
 3
 Ashley argues that the district court erred by relying for sentencing purposes on conduct undertaken by her co-conspirator. This argument lacks merit.
 
 
 4
 We review de novo the legality of a sentence. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc). We review for clear error a district court's finding that conduct in furtherance of a conspiracy was reasonably foreseeable. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 5
 "Under the Guidelines, a defendant convicted of conspiracy may be sentenced not only on the basis of [her] own conduct, but also on the basis of the 'conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.' " Id. (co-conspirator's possession of a firearm during commission of a narcotics crime was properly attributed to defendant) (quoting U.S.S.G. § 1B1.3, comment. (n. 1)); accord United States v. Changa, 901 F.2d 741, 743-44 (9th Cir.1990) (per curiam) (district court properly enhanced sentence of defendant convicted of conspiracy to pass counterfeit money to reflect all counterfeit money deemed to be part of the conspiracy).
 
 
 6
 Here, Ashley pled guilty to conspiracy to unlawfully acquire and redeem food stamps with a total face value of more than two million dollars. Because Ashley was responsible for the acts of her co-conspirator committed pursuant to and in furtherance of the conspiracy, Ashley's sentence could properly reflect all the food stamps deemed to be part of the conspiracy. See Changa, 901 F.2d at 744. Therefore, the conduct undertaken by Ashley's co-conspirator was properly considered in calculating Ashley's sentence. See id.
 
 2. Uncharged Conduct and Dismissed Counts
 
 7
 We review for clear error a district court's finding that conduct is relevant within the meaning of the Guidelines. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 8
 Ashley, relying on United States v. Fine, 946 F.2d 650 (9th Cir.1991) (holding that district court cannot rely on relevant conduct in dismissed counts of plea agreement when calculating a defendant's offense level), contends that the district court erred by relying on counts dismissed pursuant to a plea agreement and uncharged conduct in determining the proper offense level.
 
 
 9
 We recently reconsidered and overruled our prior decision in Fine, and held that the district court may rely on relevant conduct in dismissed counts to determine the proper offense level. Fine, 975 F.2d at 960. Under the Guidelines, a district court must determine the amount of loss involved in an offense on the basis of all relevant conduct, even though the defendant was not charged with the relevant conduct. United States v. Galliano, No. 91-10431, slip op. 12663, 12672 (9th Cir. Oct. 22, 1992) (district court properly enhanced the defendant's sentence by including losses attributable to counts which the government did not charge).
 
 
 10
 Here, the district court did not rely on dismissed counts or uncharged conduct in determining the proper offense level. Rather, the district court relied on the losses associated with the first count of conviction. In fact, Ashley agreed in the plea agreement that she and her co-conspirator unlawfully acquired and redeemed food stamps with a total face value of more than two million dollars. Therefore, the district court did not rely on counts that had been dismissed pursuant to a plea agreement or uncharged conduct. See United States v. Scarano, No. 91-10143, slip op. 13683, 13690-91 (9th Cir. Nov. 24, 1992) (district court properly relied on losses associated with the two counts of conviction in calculating defendant's offense level). Accordingly, the district court properly calculated the offense level.
 
 3. Amount of Loss
 
 11
 Ashley argues that the district court erroneously calculated her sentence by relying on the total face value of the food stamps, rather than the actual loss incurred by the recipients. Specifically, she argues that the offense level should have been calculated by the difference between the face value of each food stamp and the amount of cash paid to the recipient. This contention lacks merit.
 
 
 12
 We review for clear error a district court's calculation of the amount of loss involved in an offense. United States v. Nazifpour, 944 F.2d 472, 474 (9th Cir.1991) (per curiam).
 
 
 13
 "In a case involving diversion of government program benefits, loss is the value of the benefits diverted from intended recipients or uses." U.S.S.G. § 2F1.1, comment. (n. 7(d)). " 'The amount of loss need not be precise.... The court need only make a reasonable estimate of the range of loss, given the available information.' " United States v. Niven, 952 F.2d 289, 291 (9th Cir.1991) (per curiam) (district court properly determined that the loss attributable to defendant's criminal conduct was between two and five million dollars based upon the Federal Bureau of Investigation's accounting, which indicated that the defendant took over seven million dollars and returned approximately three million dollars to investors) (quoting U.S.S.G. § 2F1.1, comment. (n. 8)).
 
 
 14
 Here, Ashley agreed in the plea agreement that she and her co-conspirator unlawfully acquired and redeemed food stamps with a total face value of more than two million dollars. Thus, the district court's estimate that the loss attributable to Ashley's criminal conduct was approximately two million dollars was not clearly erroneous. See Niven, 952 F.2d at 291.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government, relying on United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990) (defendant waived objection to sentencing by failing to object at the sentencing hearing), cert. denied, 112 S.Ct. 442 (1991), contends that Ashley failed to raise these arguments before the district court. Based on our review of the record, however, we hold that Ashley sufficiently raised these issues in the district court. See United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990) (issue preserved for appeal where, however inartfully, defendant brought issue to district court's attention)