10 F.3d 809
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rance Dwayne PRESTON, Defendant-Appellant.
 No. 93-30006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Nov. 23, 1993.
 
 1
 Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 On appeal from a conviction for distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), Rance Preston contends that the district court erred in excluding certain evidence, in refusing to declare a mistrial based on the prosecutor's closing argument, and in refusing to excuse a juror. We affirm.
 
 DISCUSSION
 A. Exclusion of Evidence
 
 4
 Fed.R.Evid. 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Evidence which could be excluded under Rule 608(b) may nevertheless be admitted to show the bias or prejudice of a witness. See United States v. Abel, 469 U.S. 45, 56, 105 S.Ct. 465, 471, 83 L.Ed.2d 450 (1984). Preston offered testimony from four witnesses concerning drug use, drug dealing and other conduct of Scott Tredwell, the informant who purchased the cocaine from Preston and was the government's chief witness at trial. The issue is whether the proffered evidence was relevant to Tredwell's bias, or whether it was relevant only to impeach Tredwell's testimony.
 
 
 5
 The evidence which Preston sought to introduce was essentially for the purpose of attacking credibility by contradicting Tredwell's testimony on cross-examination that he did not sell drugs and his testimony on both direct and cross-examination that he did not use them. As such, it was an attempt to bring forward specific instances of conduct and was barred by Rule 608(b). Preston was stuck with Tredwell's denial. United States v. Brooke, 4 F.3d 1480, 1484 (9th Cir.1993); United States v. Bosley, 615 F.2d 1274, 1276-77 (9th Cir.1980); 1 Kenneth S. Brown et al., McCormick on Evidence Sec. 45 at 170, Sec. 49 at 182 (John W. Strong ed., 4th ed. 1992).
 
 
 6
 Preston claims, however, that the evidence was also presented for the purpose of showing bias or prejudice. He says that it is evidence of double dealing. But that would only tend to show bias or prejudice if there was an indication that the government knew of Tredwell's double dealing. See United States v. Noti, 731 F.2d 610, 613 (9th Cir.1984); cf. United States v. Ray, 731 F.2d 1361, 1363-64 (9th Cir.1984) (reversible error to preclude cross-examination to show that witness continued to sell drugs after he pled guilty; defendant told government about witness's dealings which may have prejudiced witness to shade his testimony against defendant). There was none. Without any other information to connect Tredwell's drug dealing with his participation in the investigation of Preston, the evidence simply contradicts Tredwell's testimony on cross-examination that he was not dealing drugs. It was not probative of any issue in the case. Noti, 731 F.2d at 613; see United States v. Kizer, 569 F.2d 504, 505-06 (9th Cir.), cert. denied, 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978). Even if the evidence did cast doubt on the purity of Tredwell's motive to inform, because there is inconsistency between wanting to clean up drug activities and participating in them, the laudability of his motive is rather tangential. At any rate, a good deal of evidence was admitted to suggest that his motives were venal. In short, even if the district court erred in thinking the evidence of drug use could not be admitted, the most that resulted was that the jury had the false impression that Tredwell had not recently used drugs. That was not prejudicial; it was beside the point.
 
 
 7
 Preston also refers to a problem regarding a rental car wherein reports to various agencies did not bring about a prosecution of Tredwell. This amounts to an attempt to try an even more collateral issue for no other purpose than testing Tredwell's credibility. It, too, was properly excluded pursuant to Rule 608.
 
 B. Prosecutor's Closing Argument
 
 8
 "Prosecutorial misconduct does not require reversal unless the misconduct deprives the defendant of a fair trial." United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir.1991) (internal quotation omitted). In closing argument, the prosecutor noted that Tredwell had admitted using drugs four or five years ago, and there was no evidence that Tredwell was using cocaine during the transaction with Preston. This single comment, which anticipated defense counsel's attack on Tredwell's credibility, did not, in the context of the entire trial, deprive Preston of a fair trial. Any prejudice which might have resulted was neutralized when the district court sustained Preston's objection and admonished the prosecutor in front of the jury. The district court's statement even tended to tip the balance in Preston's favor because it implied that there was evidence of recent drug use. The court also later instructed the jury that the lawyers' statements are not evidence. Given these curative measures, the district court did not abuse its discretion in denying Preston's motion for mistrial. See United States v. Lopez-Alvarez, 970 F.2d 583, 597-98 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 504, 121 L.Ed.2d 440 (1992); United States v. Apodaca, 666 F.2d 89, 96-97 (5th Cir.1982), cert. denied, 459 U.S. 823, 103 S.Ct. 53, 74 L.Ed.2d 58 (1982).
 
 C. Juror's Fear
 
 9
 Juror Evans expressed some concern for the safety of her family as a result of her service on the jury. The district court questioned Evans and determined that she could be impartial. The "determination of [a juror's] impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge." United States v. Egbuniwe, 969 F.2d 757, 762 (9th Cir.1992) (internal quotation omitted). There is nothing in Juror Evans' response to the district court's inquiry to suggest that she was not forthcoming. Cf. id. at 760 (court disbelieved juror's statements that he could be impartial). Nor were the circumstances underlying Evans' concerns so serious that her affirmation of impartiality is suspect. Cf. id. at 760, 763; United States v. Ruggiero, 928 F.2d 1289, 1294-1300 (2d Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991).
 
 
 10
 Preston also claims that it was inappropriate for the bailiff to reassure Evans that the jurors' names and addresses would not be published. This claim was not made to the district court. Moreover, the bailiff's communication was reaffirmed by the district court, so that Preston was not prejudiced by the bailiff's conduct. The district court did not abuse its discretion in declining to excuse the juror over Preston's objection and in refusing to declare a mistrial.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3