41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reed BARRIES, III, Defendant-Appellant.
 No. 93-10677.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Nov. 9, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reed Barries, III was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Barries appeals the district court's exclusion of (1) the cross-examination of Officer Ryan regarding five citizens' complaints that had been filed against him; (2) the cross-examination of Officer Cabrera about a replica handgun that was in his possession at the time of the arrest; and (3) the testimony of Officer Womack. We affirm in part and reverse in part.
 
 
 3
 * A district court's decision regarding the scope of cross-examination is reviewed for an abuse of discretion. United States v. Changa, 901 F.2d 741, 743 (9th Cir.1990).
 
 
 4
 Barries argues that the district court abused its discretion when it refused to allow him to cross-examine Officer Ryan about the five citizens' complaints that had been filed against him. We disagree.
 
 
 5
 When a district court limits cross-examination concerning a witness' alleged bias, we must decide whether the jury had sufficient information to assess the witness' bias without the excluded information. United States v. Candoli, 870 F.2d 496, 503 (9th Cir.1989). "Generally, once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands are satisfied." United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989).
 
 
 6
 We are satisfied that Barries had sufficient opportunity to develop his theory of bias. See Candoli, 870 F.2d at 504; Pool v. Dowdle, 834 F.2d 777 (9th Cir.1987). On cross-examination he brought out that a successful federal prosecution was important to Officer Ryan's career. Although the testimony about the citizens' complaints may have provided additional evidence of bias, the jury was adequately made aware that, as the arresting police officer, Officer Ryan had a strong motive to testify in favor of the government. Consequently, we affirm the district court's refusal to allow cross-examination about the citizens' complaints against Officer Ryan.
 
 II
 
 7
 The district court found that the evidence regarding Officer Cabrera's possession of the replica gun was irrelevant. Accordingly, the district court prohibited Barries' from cross-examining Cabrera about the replica gun, and it excluded Officer Womack's report and his testimony that Cabrera possessed the replica gun in order to use it as a throw-down weapon. Barries maintains that the district court abused its discretion in excluding the evidence because it was relevant to support an inference that perhaps Cabrera threw down the pistol. We agree.
 
 
 8
 "Fundamental standards of relevancy, subject to the discretion of the court to exclude cumulative evidence and to insure orderly presentation of a case, require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged." United States v. Armstrong, 621 F.2d 951, 953 (9th Cir.1980). See also United States v. Stewart, 770 F.2d 825, 830 (9th Cir.1985) ("A defendant is entitled to prove his innocence by showing that someone else committed the crime."), cert. denied, 474 U.S. 1103 (1986).
 
 
 9
 We realize that the link between Cabrera's replica gun and the very real gun at issue here is somewhat tenuous. Barries introduced no direct evidence tending to show that Cabrera threw down the gun that Barries is charged with possessing. Nonetheless, the critical issue for the defense was its ability to show that someone other than Barries possessed the gun. Given that the police did not take photographs of the scene and were not able to obtain any fingerprints on the gun, the testimony that Cabrera was in possession of one throw-down weapon at the time of the arrest would have provided the jury with relevant circumstantial evidence that he might have used another throw-down in this case.
 
 
 10
 However, concluding that the district court abused its discretion in excluding the evidence does not end our inquiry. Barries' conviction will stand so long as the exclusion of evidence was harmless beyond a reasonable doubt. Delaware v. Van Arsdell, 475 U.S. 673, 681 (1986). We hold that it was not and reverse and remand for new trial. Since all the evidence regarding the replica gun was excluded, Barries was wholly precluded from creating the inference that Cabrera threw down the gun. The ability to create such an inference was particularly important here because the prosecutor's entire case rested on Officer Ryan's testimony that he saw Barries throw the gun. Officer Ryan took no photographs of the yard in which the gun was allegedly found. Moreover, Officer Ryan improperly handled the gun; thus, no fingerprints could be obtained. On these facts, the district court's improper exclusion of testimony regarding Cabrera's replica gun cannot be deemed harmless beyond a reasonable doubt.
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3