95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon F. McLENNAN, Defendant-Appellant.
 No. 95-30264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon McLennan appeals the twenty-month sentence imposed after he pleaded guilty to possessing $100,500 in counterfeit federal reserve notes in violation of 18 U.S.C. § 472. McLennan contends that the district court erred when it calculated his sentence by counting an additional $450,000 in counterfeit U.S. currency that was found at his home in Canada. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 We review de novo a district court's application of the United States Sentencing Guidelines. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995). The Guidelines allow a sentencing court to consider uncharged crimes that are "part of the same course of conduct ... as the offense of conviction." See U.S.S.G. § 1B1.3, comment. (background discussing subsection (a)(2)); United States v. Newbert, 952 F.2d 281, 284-85 (9th Cir.1991) (uncharged state offense relevant to sentencing), cert. denied, 503 U.S. 997 (1992).
 
 
 4
 Here, the district court added together the amounts of phony money McLennan had in his vehicle in the United States and in his home in Canada, and applied Guidelines section 2F1.1, which mandates a higher base offense level for crimes involving more than $500,000, to increase his sentence. McLennan argues that because there is a separate statute proscribing the possession of counterfeit U.S. currency outside the United States and because there is no evidence that he intended to bring the money discovered in his home into the United States, his possession of that money was not relevant conduct within the meaning of the Guidelines. He argues that United States v. Steward, 16 F.3d 317 (9th Cir.1994), supports his case. We disagree.
 
 
 5
 First, that a different statute proscribed McLennan's possession of counterfeit U.S. currency in Canada does not resolve his sentencing claim. The Guidelines specify that "uncharged conduct" may nonetheless be "relevant conduct" for sentencing purposes. U.S.S.G. § 1B1.3(a)(2). Second, Steward is inapposite. That case involved a defendant who agreed to sell methamphetamine to an undercover agent. He was convicted only of attempt because, to the surprise of both parties, the substance he delivered to the agent in a parking lot was later discovered to be ephedrine. The district court increased his sentence because there was more ephedrine in his hotel room. We rejected the increase on the ground that Steward's possession of ephedrine in the hotel was not relevant to his attempt to sell methamphetamine in the parking lot. See id. at 322. Contrary to McLennan's argument, Steward was not spared additional punishment because he left the rest of his ephedrine at home. Rather, Steward's mistake about the substance he was delivering attenuated the already fragile connection between possessing and selling drugs. See id.
 
 
 6
 We easily discern a closer connection here between the counterfeit currency McLennan possessed in the United States and that he possessed in Canada. Cf. United States v. Changa, 901 F.2d 741, 744 (9th Cir.1990) (coconspirator's possession of additional counterfeit notes counted as relevant conduct in sentencing defendant). We conclude that the district court properly applied the Guidelines. See Basinger, 60 F.3d at 1409.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3