122 F.3d 1075
 80 A.F.T.R.2d 97-6546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donna McDONALD, Defendant-Appellant.
 No. 96-50415.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1997.
Decided Sept. 2, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California William J. Rea, District Judge, Presiding
 
 
 2
 Before: CANBY and THOMAS, Circuit Judges, and KING,** District Judge
 
 
 3
 MEMORANDUM*
 
 I.
 
 4
 Donna McDonald appeals her conviction by a jury of one count of conspiracy to defraud the government by submitting false tax claims, a violation of 18 U.S.C. § 286, and of nine counts of filing false claims with the government, a violation of 18 U.S.C. § 287. McDonald contends that the district court denied her Sixth Amendment right to confrontation by preventing her from cross-examining certain government witnesses concerning their probationary status and their past drug use. We affirm.
 
 II.
 
 5
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 III.
 
 6
 We review for abuse of discretion a district court's decision to limit the scope and extent of cross-examination. United States v. Dudden, 65 F.3d 1461, 1469 (9th Cir.1995). "The trial court does not. abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witnesses." United States v. Manning, 56 F.3d 1188, 1197 (9th Cir.1995). We review de novo, however, whether limitations on cross-examination violated a defendant's Sixth Amendment right of confrontation. United States v. Marbella, 73 F.3d 1508, 1513 (9th Cir.), cert. denied, 116 S.Ct. 2555 (1996).
 
 IV.
 
 7
 We find no merit in McDonald's contention that the district court denied her Sixth Amendment right to confrontation by preventing her from cross-examining Dawn Foley concerning her probationary status at the time she spoke to Agent Estes. The record indicates that McDonald was able to elicit more than enough information from Foley for the jury to be able to appraise whether her fear of being sent to prison for her involvement in McDonald's fraudulent scheme gave her a motive to testify falsely or to be biased toward the government. Through cross-examination, McDonald was able to elicit from Foley that she had been in jail in the past; and that she knew she could be sent back to jail in the future, particularly in light of her involvement in McDonald's scheme. McDonald was also able to elicit from Foley the fact that she knew that her cooperation would be brought to the attention of the U.S. Attorney. Any further questioning concerning Foley's probationary status would, therefore, have been merely cumulative of previous cross-examination. The district court thus did not abuse its discretion in limiting cross-examination on that subject
 
 V.
 
 8
 We also reject McDonald's contention that her conviction must be reversed because the district court denied her Sixth Amendment right to confrontation by preventing her from cross-examining Herman Lloyd, Dawn Foley, and Marilyn Norris concerning their past drug use. This is not a drug case, and there is no claim that the witnesses' alleged drug use was connected to the crimes charged. McDonald's contention is that drug use affected the witnesses' ability to observe, remember, and correctly relate the occurrences to which they testified. Although in such circumstances drug addiction may be a legitimate subject of cross-examination, see, e.g., United States v. Cole, 457 F.2d 1141, 1143 (9th Cir.1972), we and other circuits have held that a district court does not abuse its discretion in limiting such cross-examination when no foundation has been laid that the witness used drugs during the period covered by his or her testimony or during the trial, or that the witnesses had drug charges pending against them at the time they testified. See, e.g., United States v. Kizer, 569 F.2d 504, 506 (9th Cir.1978); United States v. Holman, 680 F.2d 1340, 1352-53 (11th Cir.1982); United States v. Sampol, 636 F.2d 621, 667 (D.C.Cir.1980). The requisite foundation was absent from this case. No evidence was offered that Lloyd used drugs during the period covered by his testimony or during trial. Norris's conviction for possessing a controlled substance occurred in 1988, four years before the period covered by her testimony at McDonald's trial. Although Foley was charged with being under the influence of a controlled substance in January of 1992, and was apparently arrested for possession of narcotics in January 1993, there is no showing that Foley was using drugs during March and April of 1992, the period covered by her testimony, or that any charges were still pending when she testified in May of 1996 at McDonald's trial.[1] Even if Foley's record could support an inference of drug use during the relevant period, any error in denying cross-examination on that subject was harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250 (1969) (confrontation clause violation not cause for reversal if harmless beyond a reasonable doubt). There was abundant other evidence of guilt, both documentary and testimonial, to satisfy the constitutional harmless error standard. See id. at 254. There is no reason to disturb McDonald's conviction.
 
 VI.
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 McDonald mentions in a footnote that the district court denied her pretrial request for a continuance, and asserts that, had the request been granted, it is likely she would have been able "to develop further grounds of bias on these witnesses." McDonald does not argue, however, that the district court abused its discretion by denying her request for a continuance, so we do not speculate concerning what would have happened at trial had the continuance been granted