**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel FLYNN, Defendant–Appellant.**

No. 05–50144.

D.C. No. CR–03–00120–SVW–2.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Scott M. Garringer, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Errol H. Stambler, Esq., Attorney at Law, Los Angeles, CA, for Defendant–Appellant.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM**

Daniel Flynn appeals his 21–month prison sentence imposed following his guilty-plea conviction for possession of counterfeit currency, in violation of 18 U.S.C. § 472, and conspiracy to possess counterfeit currency, in violation of 18 U.S.C. § 371. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flynn contends that the district court violated his due process rights when it enhanced his sentence based on undisputed facts regarding his co-conspirator's conduct, pursuant to United States Sentencing Guidelines § 1B1.3. We reject Flynn's contention, as the record supports the finding that it was reasonably foreseeable that Flynn's co-conspirator would manufacture counterfeit currency in furtherance of their joint agreement. *See United States v. Changa*, 901 F.2d 741, 744 (9th Cir.1990); *see also United States v. Gamez*, 301 F.3d 1138, 1148 (9th Cir.2002).

Similarly, we reject the appellant's contention that the court used an improper standard of proof in finding this enhancement, as the enhancement was not based on disputed facts. *Cf. United States v. Lawton*, 193 F.3d 1087 (9th Cir.1999) (holding that disputed facts that have a disproportionate impact on a defendant's sentence have to be proven by clear and convincing evidence).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.