UNITED STATES of America, Plaintiff–Appellee,

v.

Jose ALTAGRACIA–RODRIGUEZ, Defendant–Appellant.

No. 06–10097.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006.*

Filed Dec. 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jacki Lynn Ireland, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Mesa, AZ, for Defendant–Appellant.

Before: NOONAN, COX **, and PAEZ, Circuit Judges.

MEMORANDUM ***

Jose Altagracia–Rodriguez ("Altagracia") appeals his conviction of aggravated illegal reentry following removal under 8 U.S.C. § 1326(a) and (b)(2), alleging that the district court improperly denied his motion to represent himself, improperly excluded him from the courtroom, and im-

---

** The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

properly denied his motions for a mistrial and for acquittal. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

■ This Circuit has "not yet clarified whether denial of a *Faretta* request is reviewed *de novo* or for abuse of discretion." *United States v. Kaczynski,* 239 F.3d 1108, 1117 (9th Cir.2001). There is, however, no harmless error analysis for the denial of self-representation: "The right is either respected or denied: its deprivation cannot be harmless." *McKaskle v. Wiggins,* 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

The right to assistance of counsel includes the right to dispense with that assistance and proceed *pro se. Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The request to waive counsel and proceed *pro se* must be unequivocal, timely, and not made for the purpose of delay. *United States v. Hernandez,* 203 F.3d 614, 619 (9th Cir.2000).

At his status hearing August 30th, Altagracia stated that he was "not trying to represent himself at all." On the first day of his trial, however, he expressed a desire both to replace counsel and to proceed *pro se.* Altagracia's invocation was therefore insufficiently unequivocal.

■ A district court's decision to exclude a defendant is reviewed with "great deference," since it is difficult to determine the extent of a disturbance from a cold record and because certain manifestations of the disturbance (such as gestures and expressions) will not be recorded. *Stewart v. Corbin,* 850 F.2d 492, 498 (9th Cir.1988). In *United States v. Kizer,* this court affirmed the conviction of a defendant barred from the courtroom on the basis of a nonviolent verbal outburst. 569 F.2d 504 (9th Cir.1978). This court held that "the trial court acted well within the scope of

its discretion when it excluded Kizer." *Id.* at 507.

*Kizer* suggests that the district court did not abuse its discretion by removing Altagracia from the courtroom. As in *Kizer,* Altagracia was warned that he would be removed but failed to stop talking. While his behavior did not make the orderly administration of the trial "impossible," as in *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), it is difficult to determine how outrageous the behavior was from a cold record. Altagracia was represented by counsel and can point to no permissible defenses he was unable to make as a result of his removal. Furthermore, Altagracia was not barred from the courtroom; the district court informed him that he could return to the courtroom at any time so long as he agreed to behave. Altagracia refused on the first day of trial but was present for the second day. Under these circumstances, the district court did not abuse its discretion in excluding Altagracia.

■ Denial of a motion for a mistrial is reviewed for abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966, 981 (9th Cir.1999). The district court instructed the jury that they should disregard the outburst in their deliberations and polled potential jurors for bias. Jurors who said they felt their impartiality was affected by the outburst were not selected. Given the corrective instructions and the opportunity defense counsel had to dismiss potential jurors for cause, the district court did not abuse its discretion by denying the motion for mistrial.

■ Denial of a motion for acquittal is reviewed *de novo* under an abuse of discretion standard. *United States v. Bhagat,* 436 F.3d 1140, 1145 (9th Cir.2006). To overturn a denial of a motion for acquittal, the reviewing court must determine that "no reasonable trier of fact" could find the defendant guilty. *Id.* at 1149.

Altagracia's contention that the government failed to prove his return to the Dominican Republic is without merit. Altagracia presented no evidence to support his implausible claim that his scheduled deportation flight to the Dominican Republic was rerouted to Puerto Rico and that he deplaned there. Viewing the evidence in the light most favorable to the government, the return of the empty plane is sufficient to show that Altagracia was deported.

We AFFIRM.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.