NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>SANTOS NAUL MASS-SOTO,<br><br>　　　　　Defendant - Appellant. | No. 24-893<br><br>D.C. No.<br>4:22-cr-00766-JGZ-AMM-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, Chief District Judge, Presiding

Argued and Submitted March 2, 2026**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

After a jury trial, Santos Naul Mass-Soto (Mass) was convicted on one count

of reentry of a removed alien, in violation of 8 U.S.C. § 1326. He was sentenced to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

27 months of imprisonment, to be followed by three years of supervised release. Mass appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review for plain error a district court's failure to order a competency exam *sua sponte* where, as here, the issue is raised for the first time on appeal. *United States v. Marks*, 530 F.3d 799, 814 (9th Cir. 2008). A defendant is incompetent to stand trial if he "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri,* 420 U.S. 162, 171 (1975). We have held that whether the district court plainly erred is "ultimately reducible to the question of whether 'the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence.'" *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013) (quoting *Chavez v. United States*, 656 F.2d 512, 516 (9th Cir. 1981)).

The district court was not faced with such evidence of incompetence. First, no medical evidence suggested that Mass had a mental disease or defect. The only medical information in the record demonstrated that Mass had never been under the care of mental health professionals and did not display symptoms suggesting serious emotional problems. *See United States v. Garza*, 751 F.3d 1130, 1135 (9th Cir. 2014) (explaining that a defendant will "almost certainly fail" to show plain error without medical evidence indicating incompetency).

Second, although none of Mass's four successive attorneys affirmatively stated that they believed he was competent, at least three were exposed to Mass's U visa theory and none moved for a competency hearing. *See Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991) ("[D]efendant's counsel is in the best position to evaluate a client's comprehension of the proceedings."). In addition, a reasonable judge likely would have interpreted Mass's strained relationships and evident displeasure with his attorneys—who told him that neither the facts nor the law supported his U visa story—as evidence of frustration, not incompetence. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 940 (9th Cir. 2009) (noting that counsel believed that his client was competent but "just [did not] want to hear what [counsel was] telling him").

Third, Mass's insistence that he had been promised a U visa was not so irrational as to suggest that he was unable to understand the proceedings. His belief was not inherently implausible: Mass had been detained as a material witness in a criminal case and immigration relief can be offered in those circumstances. *See* 8 U.S.C. § 1101(a)(15)(U). Mass contends that his fixed false belief about being promised a U visa, and his shifting story about who told him that he was entitled to one, demonstrated cognitive impairment, but a reasonable judge could have perceived it as evidence of desperation. Similarly, Mass's persistence in testifying about the U visa promise at trial—even though the judge had ordered him not to do

3                                                                    24-893

so because it had no bearing on the elements of the charged offense—could reasonably have been understood as an attempt to distract or garner sympathy from the jury. Moreover, Mass demonstrated that he could comprehend aspects of his trial, with the district court remarking to Mass at one point that it had "the impression that you do understand what my ruling is but that you disagree with it."

Finally, Mass's behavior was not sufficiently "bizarre or erratic" to raise a genuine doubt as to his competency. *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015). Mass was responsive and generally coherent while testifying. And although he was briefly removed from the courtroom after speaking out of turn, his conduct was less extreme than that of defendants in similar cases where we held that the district court did not have to order a competency hearing *sua sponte*. *See, e.g.*, *United States v. White*, 670 F.3d 1077, 1081, 1085 (9th Cir. 2012) (district court did not abuse its discretion by failing to order a second competency hearing where the defendant was removed multiple times because of his behavior, which included "shouting profanities and threats," and where he "was able to remain in court without incident on only four" of twenty-five days).

2. A defendant's right to be present at his trial is not absolute. *Badger v. Cardwell*, 587 F.2d 968, 971 (9th Cir. 1978); *see* Fed. R. Crim. P. 43(c). A defendant may lose that right if, after being warned, he continues to act in a disorderly and disruptive manner. *See United States v. Kizer*, 569 F.2d 504, 506–07

(9th Cir. 1978). During his two-day trial, Mass spoke out of turn loudly enough for the court to hear on three occasions. The first two times, the judge warned Mass that he might be removed if he continued, including issuing a "final warning" after the second occurrence. Under *Kizer*, the district court did not err in removing Mass after his third interruption.

Nor did the district court err by allowing the trial to proceed in Mass's absence. Mass cites no Supreme Court or Ninth Circuit precedent that requires alternative listening arrangements to be made before a trial may proceed. And by proceeding only briefly before seeing if Mass was willing to behave appropriately and return, the district court acted in accordance with the Supreme Court's statement in *Illinois v. Allen* that "the right to be present can . . . be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." 397 U.S. 337, 343 (1970).

**AFFIRMED.**